## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TIFFANY McGEE, ET AL** | § | **CIVIL ACTION NO.:  2:21-cv-00571** |
| | § | |
| **VERSUS** | § | **JUDGE:    BWA** |
| | § | |
| **JOSEPH P. LOPINTO, III, ET AL** | § | **MAGISTRATE: DMD** |

## <u>ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND</u>

**NOW INTO COURT,** through undersigned counsel, comes Defendants, Dwayne J. Munch, Sr., The City of Westwego, Officer Samuel Norton, Officer Blake Nuzzo, Officer Andrew Chauvet, and Officer Ronell LaPorte (collectively "Defendants"), which in answer to Complaint with Jury Demand ("Complaint") filed by Plaintiffs, Tiffany McGee, individually and on behalf of her minor son, T.M., and Nathan O'Quinn and Inez Simmons, individually and on behalf of their minor son, N.S., respond as follows:

## <u>FIRST DEFENSE</u>

The Complaint fails to state a claim upon which relief can be granted.

## <u>SECOND DEFENSE</u>

**AND NOW**, with full reservation of all rights, including but not limited to the foregoing defenses, Defendants answer the individual articles of the Complaint as follows:

## I.

The allegations contained in Paragraph 1 of the Complaint, as they pertain to the status of Dwayne J. Munch, Sr., The City of Westwego, Officer Samuel Norton, Officer Blake Nuzzo, Officer Andrew Chauvet, and Officer Ronell LaPorte, are admitted. The remaining allegations of Paragraph 1 of the Complaint, including subparts (a) – (d) and (k) – (n) are directed to an entity

other than Defendants and require no response of it.  Out of an abundance of caution and should a response be required, Defendants deny these allegations for lack of sufficient information to justify a belief therein.

II.

The allegations of Paragraph 2 of the Complaint appear to state a legal conclusion and thus require no response of Defendants.  To the extent a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

III.

The allegations of Paragraph 3 of the Complaint appear to state a legal conclusion and thus require no response of Defendants.  To the extent a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

IV.

Defendants state that the allegations of Paragraph 4 of the Complaint are improper because they are directed to the defendants *in globo*.  To the extent the allegations are directed to Defendants, they are denied.

V.

The allegations of Paragraph 5 of the Complaint are denied for lack of sufficient information to justify a belief therein.

VI.

The allegations of Paragraph 6 of the Complaint are denied for lack of sufficient information to justify a belief therein.

VII.

The allegations of Paragraph 7 of the Complaint are denied for lack of sufficient information to justify a belief therein.

VIII.

The allegations of Paragraph 8 of the Complaint are denied for lack of sufficient information to justify a belief therein.

IX.

The allegations of Paragraph 9 of the Complaint are denied for lack of sufficient information to justify a belief therein.

X.

The allegations of Paragraph 10 of Complaint, if intended by Plaintiffs to relay facts as alleged by them, are denied for lack of sufficient information to justify a belief therein.  To the extent Plaintiffs intend the allegations of Paragraph 10 to allege any wrongdoing or improper conduct by the City of Westwego, the Westwego Police Department, or any of its officers, they are denied.

XI.

The allegations of Paragraph 11 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XII.

The allegations of Paragraph 12 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XIII.

The allegations of Paragraph 13 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XIV.

The allegations of Paragraph 14 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XV.

The allegations of Paragraph 15 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XVI.

The allegations of Paragraph 16 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XVII.

The allegations of Paragraph 17 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XVIII.

The allegations of Paragraph 18 of the Complaint are denied.

XIX.

The allegations of Paragraph 19 of the Complaint are denied for lack of sufficient information to justify a belief therein.

## XX.

The allegations of Paragraph 20 of the Complaint are denied for lack of sufficient information to justify a belief therein.

## XXI.

The allegations of Paragraph 21 of the Complaint are denied.

## XXII.

The allegations of Paragraph 22 are denied. Defendants expressly deny that any Defendants kicked or otherwise injured N.S.

## XXIII.

The allegations of Paragraph 23 are denied.

## XXIV.

The allegations of Paragraph 24 of the Complaint are denied for lack of sufficient information to justify a belief therein.

## XXV.

The allegations of Paragraph 25 of the Complaint are denied for lack of sufficient information to justify a belief therein.

## XXVI.

The allegations of Paragraph 26 of the Complaint are denied for lack of sufficient information to justify a belief therein.

## XXVII.

The allegations of Paragraph 27 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XXVIII.

The allegations of Paragraph 28 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XXIX.

The allegations of Paragraph 29 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XXX.

The allegations of Paragraph 30 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XXXI.

The allegations of Paragraph 31 of the Complaint are denied.

XXXII.

The allegations of Paragraph 32 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XXXIII.

The allegations of Paragraph 33 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XXXIV.

The allegations of Paragraph 34 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XXXV.

The allegations of Paragraph 35 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XXXVI.

The allegations of Paragraph 36 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XXXVII.

The allegations of Paragraph 37 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XXXVIII.

The allegations of Paragraph 38 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XXXIX.

The allegations of Paragraph 39 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XL.

The allegations of Paragraph 40 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XLI.

The allegations of Paragraph 41 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XLII.

The allegations of Paragraph 42 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XLIII.

The allegations of Paragraph 43 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XLIV.

The allegations of Paragraph 44 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XLV.

The allegations of Paragraph 45 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XLVI.

The allegations of Paragraph 46 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XLVII.

The allegations of Paragraph 47 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XLVIII.

The allegations of Paragraph 48 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XLIX.

The allegations of Paragraph 49 of the Complaint are denied for lack of sufficient information to justify a belief therein.

L.

The allegations of Paragraph 50 of the Complaint are denied for lack of sufficient information to justify a belief therein.

LI.

The allegations of Paragraph 51 of the Complaint are denied for lack of sufficient information to justify a belief therein.

LII.

The allegations of Paragraph 52 of the Complaint are denied for lack of sufficient information to justify a belief therein.

LIII.

The allegations of Paragraph 53 of the Complaint are denied.

LIV.

The allegations of Paragraph 54 of the Complaint are denied for lack of sufficient information to justify a belief therein.

LV.

The allegations of Paragraph 55 of the Complaint are denied.

LVI.

The allegations of Paragraph 56 of the Complaint are denied.

LVII.

The allegations of Paragraph 57 of the Complaint are directed to an entity other than Defendants and therefore require no answer.  Out of an abundance of caution and should a response be required, Defendants deny these allegations for lack of sufficient information to justify a belief therein.

LVIII.

The allegations of Paragraph 58 of the Complaint are directed to an entity other than Defendants and therefore require no answer.  Out of an abundance of caution and should a response be required, Defendants deny these allegations for lack of sufficient information to justify a belief therein.

LIX.

The allegations of Paragraph 59 of the Complaint are directed to an entity other than Defendants and therefore require no answer.  Out of an abundance of caution and should a response be required, Defendants deny these allegations for lack of sufficient information to justify a belief therein.

LX.

The allegations of Paragraph 60 of the Complaint are directed to an entity other than Defendants and therefore require no answer.  Out of an abundance of caution and should a response be required, Defendants deny these allegations for lack of sufficient information to justify a belief therein.

LXI.

The allegations of Paragraph 61 of the Complaint are directed to an entity other than Defendants and therefore require no answer.  Out of an abundance of caution and should a response

be required, Defendants deny these allegations for lack of sufficient information to justify a belief therein.

LXII.

The allegations of Paragraph 62 of the Complaint are directed to an entity other than Defendants and therefore require no answer.  Out of an abundance of caution and should a response be required, Defendants deny these allegations for lack of sufficient information to justify a belief therein.

LXIII.

The allegations of Paragraph 63 of the Complaint are directed to an entity other than Defendants and therefore require no answer.  Out of an abundance of caution and should a response be required, Defendants deny these allegations for lack of sufficient information to justify a belief therein.

LXIV.

The allegations of Paragraph 64 including subparts (A) – (E) of the Complaint are directed to an entity other than Defendants and therefore require no answer.  Out of an abundance of caution and should a response be required, Defendants deny these allegations for lack of sufficient information to justify a belief therein.

LXV.

The allegations of Paragraph 65 of the Complaint are directed to an entity other than Defendants and therefore require no answer.  Out of an abundance of caution and should a response be required, Defendants deny these allegations for lack of sufficient information to justify a belief therein.

LXVI.

The allegations of Paragraph 66 of the Complaint are directed to an entity other than Defendants and therefore require no answer.  Out of an abundance of caution and should a response be required, Defendants deny these allegations for lack of sufficient information to justify a belief therein.

LXVII.

The allegations of Paragraph 67 of the Complaint are directed to an entity other than Defendants and therefore require no answer.  Out of an abundance of caution and should a response be required, Defendants deny these allegations for lack of sufficient information to justify a belief therein.

LXVIII.

The allegations of Paragraph 68 of the Complaint are directed to an entity other than Defendants and therefore require no answer.  Out of an abundance of caution and should a response be required, Defendants deny these allegations for lack of sufficient information to justify a belief therein.

LXIX.

The allegations of Paragraph 69 of the Complaint are directed to an entity other than Defendants and therefore require no answer.  Out of an abundance of caution and should a response be required, Defendants deny these allegations for lack of sufficient information to justify a belief therein.

LXX.

The allegations of Paragraph 70 of the Complaint are directed to an entity other than Defendants and therefore require no answer.  Out of an abundance of caution and should a response

be required, Defendants deny these allegations for lack of sufficient information to justify a belief therein.

## LXXI.

The allegations of Paragraph 71 of the Complaint including subparts (1) – (13) are directed to an entity other than Defendants and require no answer.  Out of an abundance of caution and should a response be required, Defendants deny these allegations for lack of sufficient information to justify a belief therein.

## LXXII.

The allegations of Paragraph 72 of the Complaint are directed to an entity other than Defendants and require no answer.  Out of an abundance of caution and should a response be required, Defendants deny these allegations for lack of sufficient information to justify a belief therein.

## LXXIII.

Defendants admit that the City of Westwego has a police department known as the Westwego Police Department and that Dwayne J. Munch, Sr. was the Chief of Police at the time of Plaintiffs' incident. To the extent that the allegations of Paragraph 73 of the Complaint are meant to allege that Defendants are responsible for Plaintiffs' alleged damages, they are denied.

## LXXIV.

The allegations of Paragraph 74 of the Complaint are denied to the extent meant to allege that Defendants are responsible for Plaintiffs' alleged damages.

## LXXV.

The allegations of Paragraph 75 of the Complaint are denied to the extent meant to allege that Defendants are responsible for Plaintiffs' alleged damages.

LXXVI.

The allegations of Paragraph 76 of the Complaint are denied.

LXXVII.

The allegations of Paragraph 77 of the Complaint are denied.

LXXVIII.

The allegations of Paragraph 78 of the Complaint are denied.

LXXIX.

The allegations of Paragraph 79 of the Complaint including subparts (a) – (e) are denied as written.

LXXX.

The allegations of Paragraph 80 of the Complaint are denied.

LXXXI.

The allegations of Paragraph 81 of the Complaint are denied.

LXXXII.

The allegations of Paragraph 82 of the Complaint are denied.

LXXXIII.

The allegations of Paragraph 83 of the Complaint including subparts (1) – (13) are denied.

LXXXIV.

The allegations of Paragraph 84 of the Complaint are denied.

LXXXV.

The allegations of Paragraph 85 of the Complaint, insofar as they pertain to Defendants, are denied. The remaining allegations of Paragraph 85 of the Complaint are directed to an entity other than Defendants and require no answer.  Out of an abundance of caution and should a

response be required, Defendants deny these allegations for lack of sufficient information to justify a belief therein.

## LXXXVI.

The allegations of Paragraph 86 of the Complaint, insofar as they pertain to Defendants, are denied. The remaining allegations of Paragraph 86 of the Complaint are directed to an entity other than Defendants and require no answer.  Out of an abundance of caution and should a response be required, Defendants deny these allegations for lack of sufficient information to justify a belief therein.

## LXXXVII.

The allegations of Paragraph 87 of the Complaint, insofar as they pertain to Defendants, are denied. The remaining allegations of Paragraph 87 of the Complaint are directed to an entity other than Defendants and require no answer.  Out of an abundance of caution and should a response be required, Defendants deny these allegations for lack of sufficient information to justify a belief therein.

## LXXXVIII.

The allegations of Paragraph 88 of the Complaint are directed to an entity other than Defendants and require no answer.  Out of an abundance of caution and should a response be required, Defendants deny these allegations for lack of sufficient information to justify a belief therein.

## LXXXIX.

The allegations of Paragraph 89 of the Complaint are directed to an entity other than Defendants and require no answer.  Out of an abundance of caution and should a response be

required, Defendants deny these allegations for lack of sufficient information to justify a belief therein.

## XC.

The allegations of Paragraph 90 of the Complaint are denied.

## XCI.

The allegations of Paragraph 91 of the Complaint are denied

## XCII.

The allegations of Paragraph 92 of the Complaint are directed to an entity other than Defendants and require no answer.  Out of an abundance of caution and should a response be required, Defendants deny these allegations for lack of sufficient information to justify a belief therein.

## XCIII.

The allegations of Paragraph 93 of the Complaint are denied.

## XCIV.

The allegations of Paragraph 94 of the Complaint, insofar as they pertain to Defendants, are denied. The remaining allegations of Paragraph 94 of the Complaint are directed to an entity other than Defendants and require no answer.  Out of an abundance of caution and should a response be required, Defendants deny these allegations for lack of sufficient information to justify a belief therein.

## XCV.

The allegations of Paragraph 95 of the Complaint including subparts (a) – (p), insofar as they pertain to Defendants, are denied. The remaining allegations of Paragraph 95 of the Complaint are directed to an entity other than Defendants and require no answer.  Out of an abundance of

caution and should a response be required, Defendants deny these allegations for lack of sufficient information to justify a belief therein.

## XCVI.

The allegations of Paragraph 96 of the Complaint, insofar as they pertain to Defendants, are denied. The remaining allegations of Paragraph 96 of the Complaint are directed to an entity other than Defendants and require no answer.  Out of an abundance of caution and should a response be required, Defendants deny these allegations for lack of sufficient information to justify a belief therein.

## XCVII.

The allegations of Paragraph 97 of the Complaint, insofar as they pertain to Defendants, are denied. The remaining allegations of Paragraph 97 of the Complaint are directed to an entity other than Defendants and require no answer.  Out of an abundance of caution and should a response be required, Defendants deny these allegations for lack of sufficient information to justify a belief therein.

## XCVIII.

The allegations of Paragraph 98 of the Complaint, insofar as they pertain to Defendants, are denied. The remaining allegations of Paragraph 98 of the Complaint are directed to an entity other than Defendants and require no answer.  Out of an abundance of caution and should a response be required, Defendants deny these allegations for lack of sufficient information to justify a belief therein.

## XCIX.

The allegations of Paragraph 99 of the Complaint, insofar as they pertain to Defendants, are denied. The remaining allegations of Paragraph 99 of the Complaint are directed to an entity

other than Defendants and require no answer.  Out of an abundance of caution and should a response be required, Defendants deny these allegations for lack of sufficient information to justify a belief therein.

## C.

The allegations of Paragraph 100 of the Complaint, insofar as they pertain to Defendants, are denied. The remaining allegations of Paragraph 100 of the Complaint are directed to an entity other than Defendants and require no answer.  Out of an abundance of caution and should a response be required, Defendants deny these allegations for lack of sufficient information to justify a belief therein.

## CI.

The allegations of Paragraph 101 of the Complaint, insofar as they pertain to Defendants, are denied. The remaining allegations of Paragraph 101 of the Complaint are directed to an entity other than Defendants and require no answer.  Out of an abundance of caution and should a response be required, Defendants deny these allegations for lack of sufficient information to justify a belief therein.

## CII.

The allegations of Paragraph 102 of the Complaint, insofar as they pertain to Defendants, are denied. The remaining allegations of Paragraph 102 of the Complaint are directed to an entity other than Defendants and require no answer.  Out of an abundance of caution and should a response be required, Defendants deny these allegations for lack of sufficient information to justify a belief therein.

## CIII.

The allegations of Paragraph 103 of the Complaint are denied.

CIV.

The allegations of Paragraph 104 of the Complaint, insofar as they pertain to Defendants, are denied. The remaining allegations of Paragraph 104 of the Complaint are directed to an entity other than Defendants and require no answer.  Out of an abundance of caution and should a response be required, Defendants deny these allegations for lack of sufficient information to justify a belief therein.

CV.

The allegations of Paragraph 105 of the Complaint, insofar as they pertain to Defendants, are denied. The remaining allegations of Paragraph 105 of the Complaint are directed to an entity other than Defendants and require no answer.  Out of an abundance of caution and should a response be required, Defendants deny these allegations for lack of sufficient information to justify a belief therein.

CVI.

The allegations of Paragraph 106 of the Complaint including subparts (a) – (e), insofar as they pertain to Defendants, are denied. The remaining allegations of Paragraph 106 of the Complaint are directed to an entity other than Defendants and require no answer.  Out of an abundance of caution and should a response be required, Defendants deny these allegations for lack of sufficient information to justify a belief therein.

CVII.

The allegations of Paragraph 107 of the Complaint are denied.

CVIII.

The allegations of Paragraph 108 of the Complaint including subparts (a) – (i), insofar as they pertain to Defendants, are denied. The remaining allegations of Paragraph 108 of the Complaint are directed to an entity other than Defendants and require no answer.  Out of an abundance of caution and should a response be required, Defendants deny these allegations for lack of sufficient information to justify a belief therein.

CIX.

The allegations of Paragraph 109 of the Complaint appear to require no response of Defendants because they represent Plaintiffs' demand for trial by jury.  Defendants also pray for trial by jury.

CX.

The allegations of Paragraph 110 of the Complaint are denied.

**AND NOW, FURTHER ANSWERING:**

**<u>THIRD DEFENSE</u>**

All of the acts and actions taken by Defendants were reasonable under the circumstances and do not support a claim under a theory of vicarious liability or *respondeat superior*.

**<u>FOURTH DEFENSE</u>**

The Plaintiffs' minor children, T.M. and N.S., by virtue of their own actions and conduct, were guilty of intentional actions and, in the alternative, guilty of negligence and/or contributory negligence and/or assumption of the risk.

**<u>FIFTH DEFENSE</u>**

All of the acts and actions taken by the Defendants herein were reasonable under the circumstances and were taken pursuant to valid and constitutional policies and in no way provide

any basis for any claim under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).

## SIXTH DEFENSE

Defendants further submit that the claims of Plaintiffs are frivolous, groundless and unreasonable and, as such, Defendants are entitled to an award against the Plaintiffs for all attorney's fees and costs expended in the defense of this matter pursuant to 42 USC 1983.

## SEVENTH DEFENSE

Defendants affirmatively plead qualified immunity and any other applicable immunities and/or limitations of liability as provided for in the Constitution and laws of the United States and the Constitution and laws of the State of Louisiana, including but not limited to the discretionary immunity provided in La. R.S. 9:2798.1

## EIGHTH DEFENSE

Defendants aver that Plaintiffs' alleged injuries were caused by persons or parties over whom these defendants exercise no authority, jurisdiction, control or supervision.

## NINTH DEFENSE

Defendants aver that Plaintiffs have recovered from any injuries allegedly sustained by them.

## TENTH DEFENSE

Any actions taken by Defendants were taken in good faith, with probable cause, without malice and under laws believed to be constitutional, thereby entitling Defendants to the defense of qualified immunity.

## ELEVENTH DEFENSE

Defendants respectfully aver that the sole and proximate cause of any damages and/or injuries allegedly sustained by the minor plaintiffs herein were the actions and inactions of the minor plaintiffs themselves, which actions and/or inactions are pled in bar of/reduction of any recovery herein.

## TWELFTH DEFENSE

Defendants affirmatively allege that Plaintiffs failed to mitigate their damages.

**WHEREFORE**, Defendants, Dwayne J. Munch, Sr., The City of Westwego, Officer Samuel Norton, Officer Blake Nuzzo, Officer Andrew Chauvet, and Officer Ronell LaPorte, pray that its answer be deemed good and sufficient and, after due proceedings had, there be judgment herein in favor of these Defendants and against Plaintiffs, dismissing Plaintiffs' demands with prejudice, at their cost, and for such other relief as the nature of the case may permit.

Respectfully submitted,

/s/SIDNEY J. HARDY
**THOMAS P. ANZELMO (#2533)**
**SIDNEY J. HARDY (#1938)**
**P. SINNOTT** MARTIN ( #37218)
McCRANIE, SISTRUNK, ANZELMO,
HARDY, McDANIEL, & WELCH, LLC
909 Poydras Street, Suite 1000
New Orleans, LA  70112
Telephone: (504) 831-0946
Facsimile: (800) 977-8810
tanzelmo@mcsalaw.com
sjh@mcsalaw.com
psm@mcsalaw.com
**ATTORNEYS FOR DEFENDANTS**

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 17, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/SIDNEY J. HARDY*