UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TIFFANY McGEE, *et al.* | CIVIL ACTION |
| VERSUS | NO. 21-571 |
| JOSEPH LOPINTO, III, *et a.* | SECTION M (2) |

## ORDER & REASONS

Before the Court is a motion for summary judgment filed by defendants the City of Westwego, Officer Samuel Norton, Officer Blake Nuzzo, Officer Andrew Chauvet, and Officer Ronell Laporte (collectively, "Westwego Defendants").[1] The motion was set for submission on June 2, 2022.[2] Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, which deadline in this instance was May 25, 2022. Plaintiffs Tiffany McGee, individually and on behalf of her minor son, T.M., and Nathan O'Quinn and Inez Simmons, individually and on behalf of their minor son, N.S. (collectively, "Plaintiffs"), who are represented by counsel, did not file an opposition. Accordingly, because the motion is unopposed and appears to have merit,[3]

---

[1] R. Doc. 27.
[2] R. Doc. 27-8.
[3] This matter involves alleged civil rights violations and pendant state-law claims. Plaintiffs allege that T.M. was shot and N.S. was beaten during an encounter with deputies of the Jefferson Parish Sheriff's Office ("JPSO") and officers of the Westwego Police Department ("WPD"). R. Doc. 1. Plaintiffs brought claims under 42 U.S.C. § 1983 against all defendants (the Westwego Defendants, Sheriff Lopinto, and various JPSO deputies) alleging that the JPSO deputies and WPD officers violated T.M.'s and N.S.'s rights under the Fourth and Fourteenth Amendments and that the governmental entities are liable for the deputies' and officers' actions under *Monell*. R. Doc. 1 at 25-31. Plaintiffs also allege pendant state-law claims for assault, battery, negligent and intentional infliction of emotional distress, and negligent hiring, retention, and supervision. *Id.* at 31-33. The Westwego Defendants filed the instant motion for summary judgment arguing that there is no evidence that any WPD officer violated the constitutional rights of either T.M. or N.S. because no WPD officer shot T.M. or beat N.S. R. Doc. 27-2. Defendant WPD officers Nuzzo, Chauvet, Laporte, and Norton each executed an affidavit explaining how the incident with T.M. and N.S. unfolded. R. Docs. 27-3; 27-4; 27-5; 27-6; 27-7. All the officers denied shooting T.M. and beating N.S. *Id.* Plaintiffs did not respond to

IT IS ORDERED that the Westwego Defendants' motion for summary judgment (R. Doc. 27) is GRANTED, and Plaintiffs' claims against them are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 26th day of May, 2022.

                                        BARRY W. ASHE
                                        UNITED STATES DISTRICT JUDGE

---

the motion, and thus did not offer any evidence to contradict the affidavits. "[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. A party moving for summary judgment bears the initial burden of demonstrating the basis for summary judgment and identifying those portions of the record, discovery, and any affidavits supporting the conclusion that there is no genuine issue of material fact. *Id*. at 323. If the moving party meets that burden, then the nonmoving party must use evidence cognizable under Rule 56 to demonstrate the existence of a genuine issue of material fact. *Id*. at 324. Plaintiffs have not offered any competent summary-judgment evidence that contradicts the officers' sworn affidavits. Thus, there is no evidence that the WPD Defendants are liable to Plaintiffs.